# IN THE UNITED STATES DISTRICT COURT
# FOR THE U.S. VIRGIN ISLANDS
# DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| MARIE BRYAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.   2014-97 |
| ) | |
| GOVERNMENT OF THE VIRGIN ) | |
| ISLANDS, ) | |
| ) | |
|     Defendant. ) | |

| | |
|---|---|
| NAOMI CLARKE THOMAS , ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No.   2014-98 |
| v. ) | |
| ) | |
| GOVERNMENT OF THE VIRGIN ) | |
| ISLANDS, ) | |
| ) | |
|     Defendant. ) | |

### PLAINTIFF MARIE BRYAN'S MOTION FOR
### CLASS CERTIFICATION IN CASE NO. 14-CV-97

COMES NOW Plaintiff Marie Bryan, and pursuant to 26 U.S.C. § 626(b) and Rule 23, Fed.R.Civ.P., moves this Court for certification of a class in Case No. 14-CV-97, and in support thereof shows the Court the following:

## BACKGROUND AND STATEMENT OF FACTS

These consolidated cases raise related employment discrimination claims by one current employee (Marie Bryan) and one retired employee (Naomi Clarke Thomas) of Defendant Government of the Virgin Islands (hereinafter "GVI"). Both cases were filed seeking class action certification, and were consolidated by order of May 8, 2015. See Doc. 4 (Amended Class Action Complaint) in both 14-CV-97 and -98; Doc. 21 (trial management order consolidating cases). The cases allege violation of the federal Age Discrimination in Employment Act, 29 U.S.C. § 621, and the Virgin Islands Civil Rights Act, 10 V.I.C. § 64 and the Virgin Islands Discrimination in Employment Act, 24 V.I.C. § 451. By order of February 26, 2016 the Court ordered any motion for class certification in Case No. 14-CV-97, Bryan v. GVI, be filed by March 15, 2016. See Doc. 48.

Both cases arise out of the adoption of Bill No. 29-0123, the "Virgin Islands Economic Stability Act" (hereinafter "VIESA"), by the Legislature of the Virgin Islands on June 22, 2011. On July 5, 2011 Governor de Jongh signed and enacted VIESA into law. See Act No. 7261. Section 7(a) of VIESA provided a $10,000 pay out to GVI employee participants in the Government Employees' Retirement System (or "GERS") with thirty years' or more of service who elected to retire by September 30, 2011. Id. at Section 7(a). Section 7(k) of VIESA provided that "any member of the GERS who has attained thirty or more years of credited

service completed as of the date of the enactment of this Act (who did not retire by September 30, 2011) shall pay an additional three percent (3%) of their salary into the GERS . . . ." Id. at Section 7(k).  By definition any employee of the GVI with thirty or more years of service is also over age 40, making them members of the protected age class for purposes of the ADEA, VICRA and VIDEA.  Section 7 of VIESA was enacted in order to either 1) compel retirement-eligible GVI employees to retire, or 2) face a penalty if they did not retire.  See transcript of trial testimony in United Steel Workers v. GVI, Case No.s 2011-CV-76, et al. (attached hereto as Exhibit A) at pp. 259-260 (testimony of Kenneth Hermon, then-GVI Director of Personnel).

     Prior to filing suit Ms. Bryan filed a charge of discrimination with the Equal Employment Opportunity Commission.  See Exhibit A (EEOC Charge) to Doc. 4.  In her EEOC charge Ms. Bryan alleged that the GVI "acted on a class wide basis and/or engaged in a pattern or practice of discriminatory conduct", and that she "is similarly situated to all current and former Government employees with thirty or more years of service."  Ibid.

     In the course of discovery in this matter Ms. Bryan requested, and Defendant produced, records reflecting the names of all GVI employees who were subjected to the additional 3% pension contribution requirement of VIESA Section 7(k).  In Ms. Bryan's case, beginning in February 1, 2012 and continuing to date Defendant

has deducted from her salary the additional 3% pension contribution. See Government of the Virgin Islands "Detail Check History" for Marie Bryan for 2012, 2013, 2014 and 2015 (attached hereto as Exhibit B) reflecting deduction of "GERS 03".  In all Defendant has identified 59 GVI employees who have been subjected to the additional 3% contribution requirement, and produced payroll records reflecting same.  See Defendant's Supplementation of Response to Plaintiff's Interrogatory No. 2 (attached hereto as Exhibit C); and GVI "Detail Check History" for additional employees identified by GVI (attached hereto as Exhibit D-G).[1]  Plaintiff Bryan seeks certification of a class in this action, the membership of which reflects the terms of VIESA Section 7(k):

> Any member of GERS who attained thirty or more years of credited service completed as of July 5, 2011 [the date of enactment of VIESA Section 7(k)] who did not retire as of September 30, 2011 and thereafter paid an additional three percent (3%) of their salary into the GERS.

## APPLICABLE LEGAL STANDARDS

### Federal Rule 23

In order to obtain class certification pursuant to Rule 23, a plaintiff must meet all four requirements of Rule 23(a) and at least one part of Rule 23(b).

---

[1] Defendant's interrogatory response includes the name Sonia Harrigan, but no payroll records were produced for Sonia Harrigan.  Plaintiff has requested clarification from Defendant's counsel regarding same. See February 26 and March 11, 2016 email correspondence to Defendant's counsel, attached hereto as Exhibit H.

Amchem Prod.s, Inc. v. Windsor, 521 U.S. 591, 613-14 (1997); Baby Neal v. Casey, 43 F.3d 48, 55 (3rd Cir. 1994). The four requirements of Rule 23(a) are 1) numerosity; 2) commonality; 3) typicality; and 4) adequacy of representation. Rule 23(b) provides that a class action can be maintained where 1) prosecuting separate actions would create a risk of either inconsistent or varying adjudications with respect to individuals class members that would establish incompatible standards of conduct for the party opposing the class, or as a practical matter would be dispositive of the interests of the other members; 2) the party opposing the class has acted on grounds that apply to the class so that injunctive or declaratory relief is appropriate as to the class as a whole; or 3) the questions of law or fact common to class members predominate over any questions as to only individual members, and that a class action is superior to other separate adjudications of the controversy.

In considering a motion for class certification a court must examine the factual and legal allegations of the complaint, but in so doing must refrain from conducting an inquiry into the merits of the claim. General Tel. Co. v. Falcon, 457 U.S. 147, 160 (1982); Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1973). A court should only examine the merits of a claim to the extent necessary to establish an element of Rule 23. Sullivan v. D.B. Investments, 667 F. 3d 273, 305 (3rd Cir. 2011) (observing that there is no "claims" or "merits" litmus test

5

incorporated into the predominance inquiry beyond what is necessary to determine preliminarily whether certain elements will necessitate individual or common proof.") "A court may inquire whether the elements of asserted claims are capable of proof through common evidence, but lacks authority to adjudge the legal validity or soundness of the substantive elements of asserted claims." Ibid.

"The court may consider evidence even if not admissible in its submitted form" as long as the evidence is of the type capable of being admissible at trial. Charleswell v. Chase Manhattan Bank, N.A., 223 F.R.D. 371, 378-79 (D.V.I. 2004) (citations omitted). When doubt exists concerning certification of a class, the court should err in favor of allowing the case to proceed as a class action. Id. at 378, quoting Eisenberg v. Gagnon, 766 F.2d 770, 785 (3rd Cir.), cert. denied, 474 U.S. 946 (1985).

## 26 U.S.C. Section 626(b)

Multiplaintiff actions brought under the ADEA are not subject to the procedures established by Rule 23; rather, they are governed by the enforcement procedures of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), which is incorporated by reference into Section 626(b). Sperling v. Hoffman-LaRoche, Inc., 24 F.3d 463, 468-69 (3rd Cir. 1994); Karlo v. Pittsburgh Glass Works, LLC, ___ F.Supp. 2d ___, 2014 WL 1317595 (W.D. Pa. March 31, 2014) at *14-15.

A court's inquiry pursuant to Section 626(b) is whether or not the putative class members are employees who are "similarly situated." 29 U.S.C. § 216(b). The class action process, furthermore, operates as an "opt in" class rather than an "opt out" class, whereby class members consent to join the litigation. Ibid., see also Sperling, 24 F.3d at 470; Thiessen v. General Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001). The court proceeds in two stages. First, the court will make a determination whether or not the action may proceed conditionally as a class action. "Nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan" is required to support certification at the initial stage. Thiessen, 267 F.3d at 1102. It is only at the second phase, following notice and an opportunity for class members to opt in, that the court applies more rigorous analysis of whether the class members are similarly situated. Thiessen, 267 F.3d at 1102-03. Class members who opt in may rely on the named plaintiff's exhaustion of the EEOC charge filing requirement without filing a separate charge if the plaintiff's charge includes allegations that put the defendant on notice of the class allegation. Sperling, 24 F.3d at 468-69; Lockhart v. Westinghouse Credit Corp., 879 F.2d 43, 52-53 (3rd Cir. 1989).

# ARGUMENT

## Plaintiff Bryan's VICRA and VIDEA Claims
## Should Proceed as a Rule 23 Class Action

In addition to her ADEA claim against Defendant, Ms. Bryan has pleaded claims against Defendant for violation of the Virgin Islands Civil Rights Act and Virgin Islands Discrimination in Employment Act, both of which provide for private causes of action. See 10 V.I.C. § 64(15), 24 V.I.C. § 451(a). Ms. Bryan submits that she can satisfy the requirements of Rule 23 and that the class of similarly situated GVI employees made subject to VIESA Section 7(k) should be certified.

**Rule 23(a)**: The requirements of Rule 23(a) are all apparent from the record of this case. The first prong of Rule 23(a) – ***numerosity*** – is satisfied if the potential number of class members exceeds 40. Stewart v. Abraham, 275 F.3d 220, 227 (3rd Cir. 2001). The discovery responses of, and records produced by, Defendant GVI reflect that there are either 58 or 59 (subject to clarification of Sonia Harrigan) employees who have had the additional 3% pension contribution taken from their pay. Numerosity is established.

***Commonality*** is satisfied if there least one question of fact or law shared by the prospective class members. Abraham, 275 F.3d at 227; Baby Neal, 43 F.3d at 56. Commonality is satisfied when there are classwide answers. Reyes v. Netdeposit, LLC, 802 F.3d 469, 482 (3d Cir. 2015), quoting Sullivan, 667 F.3d at

8

298–300 for the proposition that the commonality element considers "whether the defendant's conduct was common as to all of the class members[ ]" and common questions led to common answers such that the "alleged misconduct and the harm it caused would be common as to all of the class members[ ]").

The requirement is easily met because not every question of law or fact need be common; a single common issue suffices. Baby Neal, 43 F.3d at 56. Here the prospective class members are so similarly situated that there are not only numerous common issues of law and fact, but they predominate. The common facts are that they are all employees of GVI over age 40 who were subjected to the application of VIESA Section 7(k). The common questions of law are whether VIESA Section 7(k) as adopted and applied disparately treats and/or disparately impacts GVI employees over age 40.

*Typicality* centers of whether the interests of the named plaintiff aligns with the interests of the prospective class. Abraham, 274 F.3d at 227. "Typicality asks whether the named plaintiffs' claims are typical, in common sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." Baby Neal, 43 F.3d at 55. A court considers whether the circumstances giving rise to the named plaintiff's claim are "markedly different" from those of the prospective class, and whether the legal theories of each is different. Eisenberg, 766 F.2d at 786. Here the claims of Ms. Bryan and the prospective

class arise from the exact same circumstances [adoption and enforcement of VIESA Section 7(k)], and are based on the exact same legal theories. The only distinction between members of the class will be the amount that the 3% additional pension contribution reflects (given the difference in their salaries). For the period through December 31, 2015, however, those different amounts are known, reflected in the payroll records produced by GVI; for the period after January 1, 2016 they will be ascertained by the required supplementation of GVI's discovery responses.

*__Adequacy of representation__* requires a showing that plaintiff's counsel is competent to conduct a class action, and that the named plaintiff does not have interests adverse to those of the class. In re General Motors, 55 F.3d 768, 800-801 (3rd Cir. 1995). Ms. Bryan submits the declaration of her counsel Richard Rouco (attached hereto as Exhibit I), reflecting the experience of her counsel in class action cases and in employment discrimination litigation, and capacity to prosecute the case further as a class action. Further, given that the evidence of typicality is overwhelming in this case, is clear that the second prong of the adequacy requirement is met. Ms. Bryan and the prospective class members have the same claim, based on the same facts, and are similarly situated as to the relief – type and amount – to which they are entitled.

**Rule 23(b)**: As to the requirements of Rule 23(b), "individualized claims for monetary relief belong in Rule 23(b)(3)." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S. Ct. 2541, 2558 (2011).  Rule 23(b)(3) "allows class certification in a much wider set of circumstances but with greater procedural protections.  Its only prerequisites are that 'the questions of law or fact common to class members predominate . . . and that a class action is superior to other available methods for . . . adjudicating the controversy." Ibid., quoting Rule 23(b)(3).  These "elements are commonly referred to as predominance and superiority." Charleswell, 223 F.R.D. at 378; see also Newton v Merrill Lynch, 259 F.3d 154, 186 (3rd Cir. 2001).

*Predominance* requires that common questions of fact or law predominate over questions affecting individual class members; it does not require unanimity, but only that common questions outweigh individual ones. Newton, 259 F.3d at 186; Charleswell, 223 F.R.D. at 380.  Again, given the common circumstances from which this case arises, that Ms. Bryan and her GVI co-workers have identical claims, and are entitled to the same relief (albeit with some minimal differences in dollar amount), it is clear that the common questions or law and fact predominate.

"*Superiority* calls for a determination that a class action is the best method of achieving a 'fair and efficient adjudication of the controversy.'" Newton, 259 F.3d at 186, quoting Rule 23(b).  A court considers the interests of the class members to control separate actions; the extent and nature of existing litigation

11

over the same dispute; the desirability of concentrating the litigation in a particular forum; and difficulties likely to be encountered in managing a class action. Ibid.

In this case there is no evidence of either individual interests in separate actions being asserted, and there is no other pending litigation over the same dispute. As for the geography of the dispute, all members of the prospective class reside in the district where the claim arose, and where the evidence and witnesses are to be found. Given the relatively small size of the class, and that the claims of the class members are identical, management of this case as a class action does not present the Court with difficulties in managing the case. On the contrary, given the circumstances giving rise to this case a class action is clearly the most efficient method for adjudicating this particular dispute. The superiority prong of Rule 23(b) is therefore satisfied.

Another aspect of a court's Rule 23(b) analysis is whether the class is ascertainable. Byrd v. Aaron's, Inc., 784 F.3d 154, 163 (3rd Cir. 2015). The class must be objectively definable, and its members feasibly identifiable. Ibid. Given the nature of the dispute, the class is easily definable, based on the terms of VIESA Section 7(k) itself and how it has been implemented by the GVI: all members of GERS who have been subjected to Section 7(k) since on or after October 1, 2011. Given the production of the payroll records in this case the class members are already identified. The ascertainability element is therefore satisfied.

## An "Opt In" Class for the ADEA Claim
## Should be Conditionally Certified

As described supra, at the initial stage of the Section 626(b) inquiry "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan" is required to support certification at the initial stage. Thiessen, 267 F.3d at 1102. "The level of proof required at this stage is fairly lenient: a 'modest factual showing' that the proposed recipients of opt-in notices are similarly situated.'" Karlo, 2014 WL 1317595 at *14, quoting Symczyk v. Genesis HealthCare Corp., 656 F.3D 189, 192-93 (3rd Cir. 2011), rev'd. on other grounds, ___ U.S. ___, 133 S. Ct. 1523 (2013). The standard is some evidence of "factual nexus" between the claim of the named plaintiff and the prospective class. Ibid.

Ms. Bryan had produced significant evidence that she and her co-workers also subjected to VIESA Section 7(k) are "similarly situated": their situation vis a vis the additional 3% contribution is identical, and their ADEA claims are identical. The record fully supports conditional certification of the class pursuant to Section 626(b), to be followed by notice to the class members and an opportunity to opt in. Because Ms. Bryan included class allegations in her EEOC charge and thereby put the GVI on notice of same, those class members may rely on her EEOC charge without having to file a separate charge. Sperling, 24 F.3d at 468-69.

WHEREFORE, based on the above and foregoing, Plaintiff Marie Bryan submits that her motion for class certification in Case No. 2014-97 is due to be granted, and that appropriate orders as required by Rule 23, Fed.R.Civ.P., and 26 U.S.C. Section 626(b) should follow.

                                      Respectfully submitted,

                                      s/ Richard P. Rouco
                                      Robert M. Weaver
                                      Richard P. Rouco

Quinn, Connor, Weaver, Davies & Rouco LLP
Two North Twentieth Street
2 – 20th Street North, Suite 930
Birmingham, Alabama 35203
205/870-9989
205/803-4143 (fax)
rweaver@qcwdr.com
rrouco@qcwdr.com


                                      s/ Michael J. Sanford
                                      Michael J. Sanford

Sanford Amerling & Associates
2191 Church Street
Christiansted, VI 00820
340/773-3681
340/778-8104 (fax)
msanford@saastx.vi

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 15, 2016, I served a true and correct copy of the foregoing via the Court's CM/ECF filing system, which will notify and serve the following:

Ariel M. Smith
OFFICE OF THE ATTORNEY GENERAL
Virgin Islands Department of Justice
34-38 Kronprindsens Gade
GERS Bldg., 2nd Floor
St. Thomas, Virgin Islands 00802
asmith@doj.vi.gov

                                            s/ Robert M. Weaver
                                            Robert M. Weaver