IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| Marie Bryan and Naomi Clarke Thomas )<br>)<br>            Plaintiff, )<br>vs. )<br>)<br>Government of the Virgin Islands, )<br>)<br>)<br>            Defendant. )<br>_____) | Civil NO. 2014-97; 2014-98 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA**

**COMES NOW**, Government Employees Retirement System ("GERS"), non-parties to this litigation, by and through their undersigned counsel, and files this Memorandum of Law In Support of its Motion to Quash the subpoena served on Austin L. Nibbs, Administrator on April 5, 2016 (attached herein as Exhibit "1").

    I.   **Plaintiffs' Subpoena Request Are Burdensome, Overbroad and Expensive.**

Rule 45 governs third-party subpoenas. **Rule 45(d)(3)** provides that a court may quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3); *Stoney Glen,* 2013 U.S. Dist. LEXIS 146675, 2013 WL 5514293. Further, a party may seek to quash or modify a subpoena on grounds of irrelevance or overbreadth, even though irrelevance and overbreadth are not explicitly listed as grounds to quash in Rule 26(c)(1) or Rule 45(c)(1), irrelevance or over breadth necessarily establishes undue burden. Additionally, the "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid

Motion To Quash Subpoena
Re: Bryan v. GVI, et., al.
Civil NO. 2014-97; 2014-98
Page 2

imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). This corollary to Rules 26(c)(1) and Rule 45(c)(1) arises from their interaction with Rule 26(b). Fed. R. Civ. P. 34(c); *Union First Market Bank,* 2014 U.S. Dist. LEXIS 1027, 2014 WL 66834. In evaluating whether a subpoena is unduly burdensome, "the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information. *Call of the Wild Movie, LLC v. Does 1-1, 602*, 770 F. Supp 2nd 332 (D.D.C. 2011); see also *Nidec Corp v. Victor Co. of Japan*, 249 F.R.D. 575 (N.D. Cal. 2007) (providing that a court may quash a subpoena if the burden on the third party outweighs the likely benefit of the subpoena, "at least in the absence of a convincing showing that the subpoena is likely to yield unique and material evidence from the third party."). A third-party subpoena issued pursuant to FRCP 45 also is subject to the limitations of FRCP 26. See *Nidec Corp.,* 249 F.R.D. at 577; In Re Subpoena of DJO, LLC, 295 F.R.D. 494 (S.D. Cal. 2014). The court is required to limit the "extent of discovery otherwise allowed" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

Motion To Quash Subpoena
Re: Bryan v. GVI, et., al.
Civil NO. 2014-97; 2014-98
Page 3

      The Plaintiffs' subpoena is requesting documents reflecting the calculations of retirement benefits for all GVI executive or legislative branch employees who were GERS participants and who retired between July 5, 2011 and July 5, 2013. The GERS is unable to provide the calculations requested without expending an enormous amount of resources it does not have. The GERS stores information, including any retirement calculations in each individual member's account. Therefore, in order to access information on a particular member, GERS must access that individual member's account, which contains all information and documents relative to that member amassed over the member's entire service history. Consequently, the member's account may contain hundreds of documents.

      In order for the GERS to provide the requested calculations of retirement benefits for all GVI executive or legislative branch employees who were GERS participants and who retired between July 5, 2011, and July 5, 2013, a GERS Benefit Analyst would be required to search of each retired member's account to locate the calculations. The approximate number of individual who retired between July 5, 2011, and July 5, 2013, exceeds 1100 members. Depending on the number of documents in a member's file, it could take from 30 minutes to 3 hours per member search to locate the requested documents. Using the average salary for a Benefit Analyst to research 1100 member files, taking 60 minutes per file, the cost to the GERS would exceed $200,000.00 in manpower cost alone. Should the search take longer, the cost to the GERS would increase. Further, this does not include the cost for the Department Manager

Motion To Quash Subpoena
Re: Bryan v. GVI, et., al.
Civil NO. 2014-97; 2014-98
Page 4

and legal counsel to review the documents before being provided to Plaintiffs. Complying with the subpoena would also require the GERS Benefit Analyst to halt servicing members while searching for the information requested in the subpoena. GERS does not have the staff or the financial resources to undertake such a search of the members' records, nor can it stop providing service to its membership.

Additionally, the Plaintiffs' request is broad and seeks information on members outside of the time period that the "alleged discriminatory contribution rate" was applied to members. The Plaintiffs claim that they were subjected to age discrimination when the Government of the Virgin Islands ("GVI") implemented a pension contribution rate that required employees with thirty or more years of service to contribute an additional amount for their pension. The Plaintiffs are seeking to find enough people to justify their request for a class action. However, it should be noted that Act 7261, Section 8, which the plaintiffs are contesting, affected a category of people that had thirty years of credited service at the time of enactment on July 5, 2011, and did not retire (Exhibit "2"). Therefore, the Plaintiff's request for information on individuals who retired beyond the July 5, 2011, date, exceeds the time period for members who would have been subjected to the increased contribution rate, and it does not capture those individuals who continue to work for the GVI. Further, even if a member retired on July 5, 2011, it does not mean that the member was affected by Act 7261. It would require an analysis of the individual member's records and work history to make such a determination. Therefore, it is unreasonable to request the GERS to provide confidential information on its

members who could not and would not be a party to the class. It should be noted that even if the request were limited to individuals who retired between July 5, 2011, and September 30, 2011, when the additional compensation became effective, the number of individual member accounts requiring to be searched and analyzed exceeds 460 members. The members of the GERS should not be required to bear the burden of the cost for a Benefits Analyst to spend hours searching through these individual member records. Further, the GERS does not have the funds or the manpower to conduct such a search.

This Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense by forbidding the disclosure or discovery of the material at issue. *Fed.R.Civ.P. 26(c)(1).* This undue burden category encompasses situations where the *subpoena* seeks information irrelevant to the case. *Cook, 484 Fed. Appx. 805, 2012 WL 3634451*. Moreover, *In re Subpoena Duces Tecum to AOL, LLC, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008)*, the Court held that such practice and precedent *subpoena* imposes *an* undue burden on *a party* when it is overbroad *AOL, 550 F.Supp.2d at 612, and Singletary v. Sterling Transport Co., Inc., 289 F.R.D. 237 (E.D. Va. 2012)*. The Court futher opined that any *subpoena* that seeks evidence that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or that is so overbroad that compliance with its demands will necessarily require production of irrelevant evidence, seeks evidence outside the scope of Rule 26(b)(1). Such *a subpoena* creates *an* undue burden because it necessarily imposes greater hardship than is necessary to obtain proper discovery. *Cook v.*

*Howard*, 484 F. Appx at 812; *Union First Market Bank*, 2014 U.S. Dist. LEXIS 1027, 2014 WL 66834; *Stoney Glen*, 2013 U.S. Dist. LEXIS 146675, 2013 WL 5514293. Rule 45(c)(3) requires *a* Court to *quash subpoenas* that subject *a* person to undue burden, and because undue burden is necessarily established where *a party* proves irrelevance or overbreadth because of the scope limitations of Rule 26, Rule 45(c)(3) requires the Court to *quash subpoenas* which seek irrelevant information or are overbroad. *Singletary*, 289 F.R.D. at 241; *AOL*, 550 F. SUPP. 2d at 612.

Clearly, the information requested will not encompass only those members who were subjected to the additional compensation, and it will produce or reveal confidential information on individuals not affected by the additional compensation, in violation of their right to privacy. Further, the cost to the GERS, a non-party, would be extremely burdensome in the cost for the GERS' scarce resources under Fed. R. Civ. P. 45(c)(1). To expect the GERS to search through 1100+, or even 460+ individual member records to find information that may or may not be relevant to determine the class is the very definition of unreasonable. The members of the GERS would not agree to have their retirement funds spent to further a cause that may only affect a minimum amount of the Systems 17,000+ members.

**II. Plaintiffs have Alternate Methods To Determine the Class.**

In order to identify the class to pursue this action, the Plaintiffs have burdened GERS with a Request for Production of Documents, and a 30(b)(6) deposition. Since those methods have failed, the Plaintiffs are attempting to further burden the GERS with additional cost in an

effort to obtain information to determine sufficient individuals to justify a class action. This is unfair, and unjust to the GERS and its 18,000+ members who will bear the costs of this fishing expedition. GERS is not a party to this case and, as such, should not be burdened with the expense of complying with the plaintiffs hunt for information. There are less intrusive ways for plaintiffs to obtain the information, such as from the GVI, a defendant in this case. The information sought as to who retired and was subject to the additional contribution should be obtained from the GVI, because as the employer, the GVI should have the information. The GVI initiates the additional contribution payment that is paid to the GERS. Indeed, the GERS receives its employment history and salary information from the GVI in order to populate the member's file. Therefore, GERS should not be required to search individual member records in order to find the information the plaintiff is seeking, when the information should be available from the defendant. This is an unfair burden to the GERS and its members, diverting the limited resources of the GERS, by forcing it to expend the time and resources to review every member record and make a determination whether that individual would fall within the class. That is not the GERS' responsibility.

In additional to seeking the information from the defendant, the Plaintiffs could also advertise in the local media for members who may be a party to the proposed class. This is a practice that has often been used in the Territory to identify proposed members for a class action case. In doing so, the burden and expense of identifying the proposed class would fall to the plaintiffs and not the GERS. Further, this would protect those individuals who are not, and

Motion To Quash Subpoena
Re: Bryan v. GVI, et., al.
Civil NO. 2014-97; 2014-98
Page 8

could not be a party to the class from having their personal information unnecessarily exposed outside of the GERS. This method is the least expensive and least intrusive method to obtain the information, and protects the rights and resources of the GERS and its members, while allowing the Plaintiffs to obtain the information sought.

Fed. R. Civ. P. 26(b)(2)(C) states that, "on motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed ... if it determines that ... the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive." As previously noted, Fed. R. Civ. P. 45's rules for quashing or modifying third-party subpoenas are subject to the general relevance discovery limitations of Rule 26.; *Cook v. Howard*, 484 Fed. Appx. 805, 2012 U.S. App LEXIS 18053, 2012 WL 3634452 (4th Cir. Md 2012); *Union First Mkt. Bank v. Bly*, 2014 U.S. Dist. LEXIS 1027, 2014 WL 66834 (E.D. VA Jan. 6, 2014); *Stoney Glen, LLC v. Southern Bank & Trust Co.*, 2013 U.S. Dist. LEXIS 146675, 2013 WL 5514293 (E.D. Va. October 1, 2013); see also Fed. R. Civ. P. 45(d)(2)(B)(ii) (stating that courts "must protect a person who is neither a party nor a party's officer from significant burden and expense resulting from compliance"). Thus, the Court must quash or modify a subpoena if the information sought is obtainable from another, more convenient source.

### III.  Conclusion

The GERS and its 17,000+ members should not be burdened with the cost to determine the proposed class for the plaintiffs in this matter, when there are other efficient and least burdensome methods of obtaining the information sought, such as discovery from the

Case: 3:14-cv-00097-CVG-RM Document #: 57 Filed: 04/12/16 Page 9 of 10

Motion To Quash Subpoena
Re: Bryan v. GVI, et., al.
Civil NO. 2014-97; 2014-98
Page 9

defendant in the underlying lawsuit, or advertisement through the local media. Forcing the GERS to divert its scarce resources to respond to the plaintiffs' subpoena will divert from working on active cases for its members whose needs it is legally mandated to serve. There is no reason to burden a third party with this discovery request when the defendant should have all of the information requested. The Plaintiffs could simply place an advertisement in the newspaper, requesting individuals who fall within the category of individuals, affected by Act 7261 to contact their attorneys. Thus, this Court must quash the Plaintiffs subpoena since the information sought is obtainable from another, more convenient source.

For the foregoing reasons, the GERS, respectfully requests that this Court quash the Subpoena, thereby relieving the GERS of incurring the time and expense to search individual member records to provide the requested information, and grant the GERS the cost associated with this Motion.

DATED: April 11, 2016  By:  **S/ Cathy M. Smith**
Cathy M. Smith, Esq.
V.I. Bar No. 42
General Counsel for GERS
GERS Complex, Third Floor
3448 Kronprindsens Gade
St. Thomas, VI 00802
(340) 776-7703, ext. 4915
(340) 693-3935 Facsimile
csmith@usvigers.com

Motion To Quash Subpoena
Re:  Bryan v. GVI, et., al.
Civil NO. 2014-97; 2014-98
Page 10

## CERTIFICATE OF SERVICE

I do hereby certify that on this 11th day of April, 2016, a true and correct copy of the foregoing document was served via the Court's CM/ECF filing system, which will notify and serve the following:

Ariel M. Smith
OFFICE OF THE ATTORNEY GENERAL
Virgin Islands Department of Justice
34-38 Kronprindsens Gade
GERS Bldg., 2nd Floor
St. Thomas, Virgin Islands 00802
asmith@doj.vi.gov

Robert M. Weaver
Quinn, Connor, Weaver, Davies & Rouco LLP
3516 Covington Highway
Decatur, GA 30032
(404) 299-1211
(404) 299-1288 (fax)
rweaver@qcwdr.com

Richard P. Rouco
Quinn, Connor, Weaver, Davies & Rouco LLP
Two North Twentieth Street
2 – 20th Street North, Suite 930
Birmingham, Alabama 35203
205/870-9989
205/803-4143 (fax)
rrouco@qcwdr.com

Michael J. Sanford
Sanford Amerling & Associates
2191 Church Street
Christiansted, VI 00820
340/773-3681
340/778-8104 (fax)
msanford@saastx.vi