```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

MARIE BRYAN                          )
                                     )
            Plaintiff,               )
                                     )
            v.                       )    Civil No. 2014-97
                                     )
GOVERNMENT OF THE VIRGIN             )
ISLANDS,                             )
                                     )
            Defendant.               )
                                     )
                                     )
NAOMI CLARKE THOMAS,                 )
                                     )
            Plaintiff,               )
                                     )
            v.                       )    Civil No. 2014-98
                                     )
GOVERNMENT OF THE VIRGIN             )
ISLANDS,                             )
                                     )
            Defendant.               )
                                     )
```

ATTORNEYS:

**Richard P. Rouco**
**Robert M. Weaver**
Quinn, Connor, Weaver, Davies & Rouco LLP
Decatur, GA
    *For the plaintiffs*,

**Claude Walker, AG**
**Carol Thomas-Jacobs, AAG**
**Ariel Marie Smith-Francois, AAG**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
    *For the Government of the Virgin Islands.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of Marie Bryan and Naomi Clarke Thomas for (1) class certification of territorial law claims under Federal Rule of Civil Procedure 23; and (2) collective action certification of Age Discrimination in Employment Act claims under 29 U.S.C. § 216(b).

A district court may certify a class action only if it is satisfied "after rigorous analysis" that the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") have been met. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982). A plaintiff must first show that the purported class meets the four prerequisites of Rule 23(a), which provides that

> (1) the class must be "so numerous that joinder of all members is impracticable" (numerosity); (2) there must be "questions of law or fact common to the class" (commonality); (3) "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the class" (typicality); and (4) the named plaintiffs must "fairly and adequately protect the interests of the class" (adequacy of representation, or simply adequacy).

*In re Cmty. Bank of N. Va.*, 622 F.3d 275, 291 (3d Cir. 2010) (quoting Fed. R. Civ. P. 23(a)).

In addition, a plaintiff seeking class action status must show that the proposed class qualifies under at least one of the

subsections of Rule 23(b). *See Beck v. Maximus, Inc.*, 457 F.3d 291, 297 (3d Cir. 2006). Here, Bryan and Thomas seek class certification under Rule 23(b)(3). To certify a class under Rule 23(b)(3), "a class must meet two requirements beyond the Rule 23(a) prerequisites: [1] Common questions must 'predominate over any questions affecting only individual members'; and [2] class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Anchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (quoting Fed. R. Civ. P. 23(b)(3)). In making the specific findings under Rule 23(b)(3), the Court should consider the following factors:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

"The party seeking certification bears the burden of establishing each element of Rule 23 by a preponderance of the evidence." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 591 (3d Cir. 2012). "[T]he decision to certify a class calls for findings by the court, not merely a 'threshold showing' by a party, that each requirement of Rule 23 is met." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 307 (3d Cir. 2008).

This requires a court to "resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits—including disputes touching on elements of the cause of action." *Id.*

The provisions of the ADEA are "enforced in accordance with the powers, remedies, and procedures provided in . . . [29 U.S.C. §] 216." 29 U.S.C. § 621(b). In relevant part, 29 U.S.C. § 216 provides that an action may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "A suit brought on behalf of other emoployees is known as a 'collective action.'" *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013). In a class action under Rule 23, class members "not wishing to be included in the class must affirmatively opt-out" after the class is certified. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013). In a collective action, however, "employees must affirmatively opt-in by filing written consents with the court." *Id.* at 242-43.

The Third Circuit utilizes a two-step procedure for determining whether a case may proceed as a collective action. *Id.* The first step is "conditional certification." *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012). To conditionally certify a collective action, "a plaintiff must

produce some evidence, beyond mere speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id.* at 536 n.4 (internal quotation marks omitted). Ultimately, the Court must be satisfied that "'similarly situated' plaintiffs do in fact exist." *Myers v. Hertz Corp.*, 624 F.3d 537, 355 (2d Cir. 2010). This is "a fairly lenient standard," that requires only "a modest factual showing that the employees identified in [the plaintiff's] complaint are similarly situated." *Camesi*, 729 F.3d at 243 (internal quotation marks omitted). "The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) (citations omitted).

At the second step, the Court "makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." *Camesi*, 729 F.3d at 243. (internal quotation marks omitted).  The second step is an "ad-hoc analysis" where the Court "considers all the relevant factors and makes a factual determination on a case-by-case basis." *Zavala*, 691 F.3d at 536

> Relevant factors include (but are not limited to): whether the plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and whether they have similar salaries and circumstances of employment. Plaintiffs may also be found dissimilar based on the existence of individualized defenses.

*Id.* at 536-37. The plaintiff bears the burden of establishing that the opt-in plaintiffs are similarly situated by a preponderance of the evidence. *Id.* at 537. "If the plaintiffs succeed in carrying their heavier burden at this stage, the case may proceed on the merits as a collective action." *Camesi*, 729 F.3d at 243.

The premises considered, it is hereby

**ORDERED** that the motion of Bryan and Thomas for class certification of their territorial law claims under Federal Rule of Civil Procedure 23(b)(3) is **GRANTED**; it is further

**ORDERED** that the territorial law action of Bryan and Thomas is **CERTIFIED** as a class action under Federal Rule of Civil Procedure 23(b); it is further

**ORDERED** that the certified territorial class is defined as: Members of the GERS who attained thirty or more years of credited service as of July 5, 2011, who did not retire as of September 30, 2011, and thereafter paid an additional three percent of their salary into the GERS; it is further

**ORDERED** that Marie Bryan and Naomi Clarke Thomas shall serve as class representatives; it is further

**ORDERED** that Robert M. Weaver and the law firm Quinn, Connor, Weaver, Davies & Rouco LLP are appointed as class counsel pursuant to Federal Rule of Civil Procedure 23(g); it is further

**ORDERED** that no, later than 4:00 P.M. on February 21, 2017, the parties shall submit to the Court, pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a proposed form of notice and manner of service and a proposed opt-out form; it is further

**ORDERED** that the motion of Bryan and Thomas for conditional certification of their ADEA claims as a collective action under 29 U.S.C. § 216(b) is **GRANTED**; it is further

**ORDERED** that the ADEA claims of Bryan and Thomas are **CONDITIONALLY CERTIFIED** as a collective action on behalf of all members of the GERS who attained thirty or more years of credited service as of July 5, 2011, who did not retire as of September 30, 2011, and thereafter paid an additional three percent of their salary into the GERS; it is further

**ORDERED** that, no later than 4:00 P.M. on February 21, 2017, the parties shall submit to the Court a proposed form of notice and manner of service, and a proposed written consent form; and it is further

**ORDERED** that, no later than 4:00 P.M. on February 28, 2017, the GVI shall provide Bryan and Thomas with the names, last known addresses, e-mail addresses, and telephone numbers of potential plaintiffs to counsel for Bryan and Thomas.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**