```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN

MARIE BRYAN                       )
                                  )
            Plaintiff,            )
                                  )
       v.                         )     Civil No. 2014-97
                                  )
GOVERNMENT OF THE VIRGIN          )
ISLANDS,                          )
                                  )
            Defendant.            )
                                  )
                                  )
NAOMI CLARKE THOMAS,              )
                                  )
            Plaintiff,            )
                                  )
       v.                         )     Civil No. 2014-98
                                  )
GOVERNMENT OF THE VIRGIN          )
ISLANDS,                          )
                                  )
            Defendant.            )
                                  )
```

ATTORNEYS:

**Richard P. Rouco**
**Robert M. Weaver**
Quinn, Connor, Weaver, Davies & Rouco LLP
Decatur, GA
    *For the plaintiffs*,

**Claude Walker, AG**
**Ariel Marie Smith-Francois, AAG**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
    *For the Government of the Virgin Islands.*

**ORDER**

**GÓMEZ, J.**

Before the Court are the territorial law claims in the matter of Marie Bryan and Naomi Clarke Thomas.

### I. FACTUAL AND PROCEDURAL HISTORY

All employees of the Government of the Virgin Islands ("GVI") are members of the Government Employees Retirement System ("GERS"). *See* 3 V.I.C. § 703(b). The GERS manages and provides retirement benefits for its members. *See* 3 V.I.C. § 701. Members of the GERS are entitled to receive a retirement annuity, the amount of which is determined by each individual member's years of service and her average salary. 3 V.I.C. § 706. In order to receive credit for their years of service, GERS members must make regular contributions to the GERS from their salary. 3 V.I.C. § 704. "Any member who has completed thirty years of service may retire on a full service retirement annuity notwithstanding his age, without reduction of annuity." 3 V.I.C. § 705(d).

On June 22, 2011, the Legislature of the Virgin Islands adopted Bill No. 29-0123, the "Virgin Islands Economic Stability Act" ("VIESA"). On July 5, 2011, VIESA was signed into law by the Governor of the Virgin Islands as Act No. 7261. VIESA was

intended to "balance[] the need to provide basic services while reducing the operating cost of the [GVI]." *Id.* Among other cost saving measures, VIESA mandated a 2-year hiring and firing freeze. VIESA, Act No. 7261, § 5. VIESA also provided for an 8% reduction in the salaries of all executive and legislative branch employees for the period of July 4, 2011, through July 3, 2013. VIESA, Act No. 7261, § 4.

Additionally, the GVI specifically found that "there are government employees . . . who have been employed over thirty . . . years, who are eligible to retire from Government service and who are being paid in excess of forty-seven million dollars . . . annually in salary and fringe benefits." VIESA, Act No. 7261, preamble. This "burden on the Government Operating budget [wa]s overwhelming and unsupportable for much longer, unless many of these employees retire and aid in abating the Government's cash flow problems." *Id.*

To that end, Section 7 of VIESA ("VIESA § 7") provided an incentive in the form of a $10,000 payment "to any member of the GERS who . . . attained thirty or more years of credited service completed as of the date of enactment of [VIESA] and elect[ed] to retire between June 30, 2011[,] and September 30, 2011." VIESA, Act No. 7261, § 7(a). Section § 7(k) of VIESA further provided that "any member of the GERS who . . . attained thirty

or more years of credited service completed as of the date of enactment of [VIESA] shall pay an additional three percent (3%) of their salary into the GERS, effective October 1, 2011." VIESA, Act No. 7261, § 7(k). Any employee who retired during VIESA's two-year effective period would have their retirement "annuity calculated at [the employee's] pre-8 percent reduction salary." VIESA, Act No. 7261, § 4(c).

Marie Bryan ("Bryan") is an employee of the Government of the Virgin Islands ("GVI") and a member of GERS. Bryan began working for the GVI on October 1, 1980. Bryan has maintained employment with the GVI since the effective date of VIESA. Since February 2012, Bryan has paid the additional 3% contribution to GERS.

Naomi Clarke Thomas ("Thomas") is a former employee of GVI and a member of GERS. Thomas began working for GVI in March 1979. Thomas continued to work after the effective date of VIESA until she retired on December 31, 2012. An amount equal to Thomas's 3% contribution was deducted from her first retirement payment.

On November 18, 2014, Marie Bryan ("Bryan") and Naomi Clarke Thomas ("Thomas") brought separate actions alleging that Section 7 of VIESA violated the Age Discrimination in Employment Act ("ADEA"), the Virgin Islands Civil Rights Act, and the

Virgin Islands Discrimination in Employment Act. On May 8, 2015, the Magistrate Judge ordered the two cases consolidated.

This matter was previously scheduled for trial on December 12, 2016. On December 8, 2016, the Court held a status conference. At that conference, the parties agreed that the matter should be tried on a stipulated record. The Court proposed, and the parties agreed, that the trial of this matter should be bifurcated, with the Court first addressing liability. The Court then vacated the December 12, 2016, trial setting. The Court also ordered the parties to submit a stipulated record.

## II. DISCUSSION

"The Virgin Islands legislature enacted the [Virgin Islands] Civil Rights Act in 1950 with the intent to 'prevent and prohibit discrimination in any form.'" *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 177 (3d Cir. 1999) (quoting 10 V.I.C. § 1). "In 1974, the Virgin Islands legislature . . . created the Virgin Islands Civil Rights Commission [(the "Commission")], granting it "'general jurisdiction and power' to combat discrimination." *Id.* (quoting 10 V.I.C. § 61). The legislation creating the Commission also included "a list of prohibited discriminatory practices," which was codified at 10 V.I.C. § 64 ("Section 64"). *Id.*

In 2011, Section 64 was amended to create a civil cause of action. *See* Act No. 7323, Sess. L. 2011 at 289 (2011) (providing for new subsection reading "any person who has been discriminated against as defined in this section may bring an action for compensatory and punitive damages"). Section 64 provides, in relevant part:

> It shall be an unlawful discriminatory practice . . . [f]or an employer, because of age, race, creed, color, national origin, place of birth, sex, disability and/or political affiliation of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

10 V.I.C. § 64(1)(a).

"In 1964, the Legislature of the Virgin Islands enacted chapter 17 of Title 24, [("Chapter 17")] which prohibits discrimination specifically in employment." *Miller v. Virgin Islands Hous. Auth.*, No. CIV. 1998/0089, 2005 WL 1353395, at *2 (D.V.I. June 3, 2005). Chapter 17 was created to further "the public policy of th[e Virgin Islands] to encourage and foster, to the fullest extent practicable, the employment of all properly qualified persons regardless of their age, race, creed, sex, national origin or ancestry." Act No. 1192, Sess. L. 1964 at 202 (1964).

Section 451, Title 24 of the Virgin Islands Code ("Section 451") details a list of prohibited discriminatory employment practices. Section 451 provides, in relevant part:

> [I]t shall be unlawful employment practice or unlawful discrimination . . . [f]or an employer to refuse to hire or employ or to bar or discharge from employment, any individual because of his race, sex, age, religion, color or ancestry, provided that an employer may refuse to hire an individual for good cause relating to the ability of the individual to perform the work in question . . . .

*Mercer v. Gov't of the Virgin Islands Dep't of Educ.*, No. 2014-50, 2016 WL 5844467, at *8 (D.V.I. Sept. 30, 2016) (quoting 24 V.I.C. § 451(a) (2010)).[1]

VIESA was enacted in 2011 to address what the Virgin Islands Legislature perceived to be a period of "decreased economic activity" in the Virgin Islands that coincided with a "global economic crisis." VIESA, Act No. 7261, preamble. These circumstances placed the GVI "in a precarious financial condition" and "presented the people of the United States Virgin Islands with a grave challenge." *Id.*

Of particular concern to the Legislature was the size of the GVI's payroll. *See id.* At the time, the GVI was paying over $47 million a year to employees with 30 years of service who

---

[1] In *Mercer v. Gov't of the Virgin Islands Dep't of Educ.*, the Court held that the current codification of Section 451 had erroneously omitted the quoted portion of this statute, which is still in force.

were entitled to retire with full benefits. Id. The Legislature felt that this "burden on the Government Operating budget [wa]s overwhelming and unsupportable for much longer, unless many of these employees retire." *Id.* Addressing this concern, the Legislature enacted VIESA, which offered these employees a $10,000 incentive to retire. *See* VIESA, Act No. 7261, § 7(a). VIESA also imposed on those employees that did not retire an additional 3% GERS deduction as a penalty. *See* VIESA, Act No. 7261, § 7(k).

The relief that Bryan and Thomas seek is premised on the allegation that the operation of Section 7(k) of VIESA is discriminatory. That is, Bryan and Thomas assert that the 3% penalty discriminated against older and more senior employees. To the extent such discrimination arose by operation of VIESA, VIESA conflicted with the prohibitions against age discrimination in Sections 64 and 451.

As a general rule, "a statute cannot violate another statute." *See Nat'l Ass'n of Prop. Owners v. United States*, 499 F. Supp. 1223, 1244 n.14 (D. Minn. 1980), *aff'd sub nom. State of Minn. by Alexander v. Block*, 660 F.2d 1240 (8th Cir. 1981). Accordingly, the Court must determine how the Virgin Islands Supreme Court would resolve this conflict between territorial laws. *See Roma v. United States*, 344 F.3d 352, 361 (3d Cir.

2003) (explaining that when state's highest court has not interpreted a state law, a federal court applying that law must "predict how the [state's highest court] would rule on th[e] question").

When the Virgin Islands Supreme Court construes a local statute, its "first step 'is to determine whether the language at issue has a plain and unambiguous meaning.'" *One St. Peter, LLC v. Bd. of Land Use Appeals*, No. 2015-0120, 2017 WL 3741443, at *2 (V.I. Aug. 28, 2017) (quoting *In re L.O.F.*, 62 V.I. 655, 661 (2015)). When different statutes conflict with one another, the Virgin Islands Supreme Court relies on the "'well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one,' unless it appears that the Legislature intended for the more general to control." *Virgin Islands Pub. Servs. Comm'n v. Virgin Islands Water & Power Auth.*, 49 V.I. 478, 485 (2008) (quoting *Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir.2001)).

A comparison of the objectives of Section 7(k) of VIESA with Sections 64 and 451 indicate which is the more specific statute. Here, Sections 64 and 451 impose a broad duty on all employers not to discriminate on the basis of several protected characteristics. *See* 10 V.I.C. § 64; 24 V.I.C. § 451; *see also*

*Bass v. Fed. Express Corp.*, No. CV 14-0060, 2017 WL 2022977, at *3 (D.V.I. May 11, 2017) (explaining that Section 64 "is extremely general"). On the other hand, Section 7(k) of VIESA is a targeted statute that directs a specific group to make a specific payment. Section 7(k) of VIESA requires a payment--a 3% salary deduction--from a specific group of people--government employees with 30 or more years of service. See VIESA, Act No. 7261, § 7(k). Those attributes indicate that Section 7(k) of VIESA is a more specific statute than the general anti-discrimination statutes found at Sections 64 and 451. *See, e.g.*, *Virgin Islands Pub. Servs. Comm'n*, 2008 WL 2367607, at *4 ("Here, section 1(c) is the more specific statute because it applies only to a specific type of action, namely fixing rates, for a specific type of agency, namely public utilities, which includes those utilities supplied by the government. Section 121's prohibition applies to all government agencies in the Virgin Islands with respect to many types of actions, including WAPA's power to set rates."). To the extent that there is a conflict between Section 7(k) of VIESA and general discrimination statutes, the more specific statute, Section 7(k) of VIESA prevails. *See id.* As such, Section 7(k) of VIESA cannot violate Sections 64 or Section 451. That legal conclusion

*Bryan v. Government of the Virgin Islands; Thomas v. Government of the Virgin Islands*
Civil No. 2014-97; Civil No. 2014-98
Order
Page 11

deprives Bryan and Thomas of any legal footing on which to make their claims against the GVI.

The premises considered, it is hereby

**ORDERED** that the territorial law claims of Bryan and Thomas alleging violations of Section 64 and Section 451 are **DISMISSED.**

S\_____
**CURTIS V. GÓMEZ
District Judge**